JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kyle D. Lewis

## DEFENDANTS
Montgomery County

**(b)** County of Residence of First Listed Plaintiff   Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Robert T Vance Jr, 123 South Broad Street, 15th Floor, Philadelphia PA 19109 (267) 887-0172

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Sections 1981 and 1983

Brief description of cause:
Employment discrimination - race

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE   none   DOCKET NUMBER _____

DATE
March 20, 2026

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

10/2024

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: *Norristown, PA*

---

***RELATED CASE IF ANY:*** Case Number: *N/A*          Judge:_____

1. Does this case involve property included in an earlier numbered suit?          Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?          Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?          Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?          Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.          Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts)
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☒ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief **see certification below**
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

*B.* ***Diversity Jurisdiction Cases:***

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☒ **does not** have implications beyond the parties before the court and ☐ does / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**United States District Court for the Eastern District of Pennsylvania**

Kyle D. Lewis                          :
                                       :
                    vs                 :        Civil Action No.
                                       :        **Jury Trial Demanded**
Montgomery County                      :

## *Complaint*

Plaintiff, Kyle D. Lewis, brings a series of claims against Defendant, Montgomery County, of which the following is a statement:

## *Jurisdiction and Venue*

1.      This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331 and 1343, 2201, this action being brought under 42 U.S.C. § 1983 ("Section 1983"), the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991), to redress and enjoin the discriminatory practices of defendant.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this case occurred in this judicial district.

## *Parties*

3.      Plaintiff, Kyle D. Lewis, is an African American male citizen of the United States and a resident of this judicial district.

4.      Defendant, Montgomery County (the "County"), is a political subdivision of the Commonwealth of Pennsylvania with its principal place of business located in Norristown, Pennsylvania.

5. At all times relevant to this action, the County was an "employer" within the meaning of Section 1983 and Section 1981.

6. The acts set forth in this Complaint were authorized, ordered, condoned, ratified and/or done by the County's officers, agents, employees and/or representatives while actively engaged in the management of defendant's business and pursuant to defendant's official policies and customs.

### Background Facts

7. In August 2022, the County hired Lewis as a Building Services employee in the Department of Public Property. In that capacity, almost since the inception of him employment, Lewis was subjected to race discrimination. Lewis was the only Black person in the Department of Public Property, and witnessed on many occasions his White co-workers engage with impunity in conduct that was ignored by management and for which they should have been disciplined. On one occasion, Lewis's supervisor, Keith Glodek, a White male, told Lewis that "if it were up to me, I'd fire you," but that such a decision was up to Glodek's supervisor.

8. In December 2023, because of the discrimination he experienced in the Public Property Department, Lewis transferred to the Procurement Department. However, the discrimination did not abate.

9. Defendant issued a verbal warning to Lewis on July 30, 2024, without justification.

10. On January 23, 2025, defendant combined two incidents into one, and without justification, issued a Written Warning to Lewis allegedly for not being present in the Storeroom when required, for not making deliveries when required, for being away from the Storeroom for

2

an extended period without specific work-related reasons. There was no justification for this Written Warning.

11. Also on January 23, 2025, defendant issued a Final Written Warning to Lewis allegedly for violating safety protocols regarding use of a county vehicle. There was no justification for this Final Written Warning

12. As a result of the issuance of this unjustified and discriminatory discipline, Lewis made a formal complaint to defendant's Department of Diversity, Equity and Inclusion. *See* Exhibit A attached hereto and made a part hereof.

13. Lewis was observed by members of the Public Property Department named in the complaint leaving the office of the Chief Officer of Diversity, Equity, and Inclusion. Later that day, a female co-worker initiated a complaint against Lewis falsely alleging that he had grabbed her buttocks. Lewis was summoned to the Department of Human Resources and advised that the complaint would be investigated.

14. On March 20, 2025, Lewis called the Department of Human Resources to inquire about the status of the investigation of the complaint against him.

15. By letter dated March 25, 2025, defendant notified Lewis that his employment had been terminated effective March 24, 2025. *See* Exhibit B attached hereto and made a part hereof.

16. Defendant terminated Lewis' employment because of his race.

17. Lewis has suffered, is now suffering, and will continue to suffer emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses as a direct and proximate result of defendant's discrimination.

18.    By reason of defendant's discrimination, Lewis suffered and will continue to suffer extreme harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

19.    Defendant acted and failed to act willfully, maliciously, intentionally and with reckless disregard for Lewis' rights.

## Count I

### *The Civil Rights Act of 1866, 42 U.S.C. §1981*

20.    Plaintiff restates and realleges paragraphs 1-19, inclusive, as though set forth here in full.

21.    Lewis had a federal statutory right under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), as amended, to be accorded the same rights as were enjoyed by White employees with respect to the terms and conditions of their employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

22.    Defendant's conduct described above deprived Lewis of the rights, privileges and immunities guaranteed to him under Section 1981.

23.    By reason of defendant's conduct, Lewis is entitled to all legal and equitable relief available under Section 1981.

## Jury Demand

24.    Lewis hereby demands a trial by jury as to all issues so triable.

## Prayer for Relief

Wherefore, Plaintiff, Kyle D. Lewis, respectfully prays that the Court:

4

a. adjudge, decree and declare that defendant engaged in illegal discrimination, and that the actions and practices of defendant complained of herein are violative of his rights under Section 1981;

b. order defendant to provide appropriate job relief to Lewis, including reinstatement;

c. enter judgment in favor of Lewis and against defendant for all available remedies and damages under law and equity, including, but not limited to, back pay, front pay, past and future mental anguish and pain and suffering, in amounts to be determined at trial;

d. order defendant to pay the attorney's fees, costs, expenses and expert witness fees of Lewis associated with this case;

e. grant such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable; and

f. retain jurisdiction until such time as the Court is satisfied that defendant has remedied the unlawful and illegal practices complained of herein and is determined to be in full compliance with the law.

Robert T Vance Jr
Law Offices of Robert T Vance Jr
123 South Broad Street, 15th Floor
Philadelphia PA 19109
267 887 0172 tel / 215 501 5380 fax
rvance@vancelf.com

*Attorney for Kyle D. Lewis*

# Exhibit A

**Grievance Letter**
**Kyle Lewis**
**336 Valley View Road**
**Springfield, PA 19064**

To whom it may concern,

I am writing this letter as a formal grievance of discrimination, targeting, and breach of confidentiality. I have been dealing with these things since I began working here in August of 2022. I have not formally made anyone aware because I was not sure who I could go to without being afraid of retaliation. My entire first year in Public Property I had never been written up for the things I am now being written up for and my boss at the time was there nearly every day to witness my work.

I started out in Public Property under the management of Scott Calison and supervision of Keith Glodek. I have been discriminated against as the only black person in my department. During this time as a new employee, I did not want to ruffle any feathers or disrupt the order of how things were run in the department. I experienced discrimination: however, I felt like I could deal with it if it did not affect my ability to provide for my family. Some examples of the discrimination I experienced are my white coworkers would bring their video games to work, wrestle, and watch TV but I was reported for not being where I was supposed to be and "wandering around" instead of sitting in the office waiting for work. I did not want to participate in the above activities, but I was being reported for walking around. I am diagnosed with attention deficit hyperactivity disorder (ADHD), so sitting for long periods of time are difficult for me. I was also told by Keith Glodek that "if it were up to me, I'd fire you, but that's Scotty's (Scott Collision) call". Lastly, I was reported for parking in the back of the courthouse at the loading dock; however, several other of my white coworkers would park back there. Multiple other reports and disciplinary actions followed; however, none were formal write- ups.

I also experience several breeches of confidentiality dating back to my start date. I was called and emailed from my then supervisor asking questions about my background check, that he should not have had information about. I was then looped into a conversation between Scott and Keith and Keith stated, "should we be asking him about this, shouldn't we let HR handle this". I had coworkers say to me after I was written up, "Kyle you stay in trouble why are you always getting written up". Lastly, I had coworkers who shouldn't have even known about my son being sick as this was only reported to management and HR that they believed I was "lying about my son being sick because nobody gets sick that often". This was highly inappropriate to me and offensive and when I brought it to my supervisor's attention, I was told don't take their comments seriously.

This was a highly stressful period in my life. My brother passed away July of 2022 at 32 years old, and 6 months later, my father passed away on Christmas. At the same time my son was diagnosed with major medical complications. During my time here I had several people from other departments telling me to "watch my back because I was one of few blacks". With the high stress period in my life at that time I did not have the mental capacity to investigate reporting anyone.

My thought process was I could just leave the department and things would get better. I was also told by my previous manager that we do not go "across the street, we handle things in house".

Targeting is harder to prove and even harder to explain because it requires more in-depth stories.

I switched departments in December of 2023 to Procurement as a Storeroom Clerk. When I first started, I was advised by my supervisor Lisa Noecker and manager Joseph Coco. that I should be reporting to Robert Young as he was the senior staff. So, I was following that guidance. Roughly 6 months later, I was later brought into the office and told by Joseph Coco and Lisa Noecker that I should now be reporting directly to Lisa about any absences, lateness, and other work-related communications. I received a write up for not communicating properly my call outs and other attendance issues; however, I did not have her phone number and at this point it was then provided to me.

At this time, I was also written up for parking in the back and was told by Joseph Coco that I was being disrespectful to Roberts Robins while he was in a meeting. I found this interesting because Robert Robbins was also one of the people who repeatedly reported me for walking around and not being where I should be when I was in public property. Also, the specific day I was boxed in by Robert Robins work vehicle, I never spoke to him.-I only asked one of his employees if he could move his van so I could get my car out. Having Robert Robbins monitoring me and reporting things back and still being in close contact with Public Property, I started to notice the targeting. I still had to deal with the sarcastic comments regarding my "laziness" and issues with parking in the back of the courthouse. So, to avoid this I stopped parking behind the courthouse. I was again pulled into a meeting and was also told that there were complaints about deliveries not being received and told that I needed to help my coworker, Robert Young. At this point I had no access to certain things in the computer system and often if Robert Young was not in there was no access to the system for me to do certain task. I was then given access and from that point forward I did my work with no issues (at least I believed).

I was shocked because then 6 months later, with no complaints between the initial write up and the next being 6 months apart, I received another write- up. At this point I realized my job was on the line.  I began taking notes on every requisition received that I completed. I was told during my meeting where I received my write up that I was "monitored or observed" doing certain things. I then realized I was being written up based upon hearsay. My direct manager Joe Coco and supervisor Lisa Noecker are in the office very few days which leaves those around me who have discriminated against me in the past as the people to report my behaviors. I was told I was seen on camera leaving my work area when a delivery was made, and I was not there to help unload the delivery. No one asked where I was going, or what I was doing, they just assumed that I was avoiding work.

I want to emphasis why I decided to write this letter because after the third written disciplinary action in 1 year (after getting none in my previous department), I am feeling again discriminated against for the color of my skin, targeted by those same people, and that my confidentiality was breeched. My other coworkers in both departments have not only gotten away with not working, playing video games, and using company vehicles for personal use while I am

written up for recklessness with the county vehicle after one incident that could have happened to anyone (which I would be willing to discuss in person). I got two write ups at the same time and the accusations, which besides the accident in the van, are all hearsay.

I love what I do for the county and would love to feel safe and comfortable at work. I do not want a hostile work environment where I do not feel safe. Please feel free to reach me on my personal cell number 2678815321 or email me at Kylelewis@montcopa.org Thank you for taking the time to read this letter.

Kyle Lewis

# Exhibit B

**MONTGOMERY COUNTY**
**BOARD OF COMMISSIONERS**

NEIL K. MAKHIJA, CHAIR
JAMILA H. WINDER, VICE CHAIR
THOMAS DIBELLO, COMMISSIONER



**HUMAN RESOURCES**
ANTHONY D. BREW, III, CHRO
MONTGOMERY COUNTY OMP • PO BOX 311
NORRISTOWN, PA 19404-0311

610-278-3052
FAX: 610-292-2160
WWW.MONTGOMERYCOUNTYPA.GOV

Kyle Lewis
336 Valley View Road
Springfield, PA 19064

March 25, 2025

Dear Mr. Lewis,

This letter serves as formal notice of termination of your employment with the Montgomery County Office of Procurement effective March 24, 2025. As per our phone conversation on Monday, March 24, 2025, this action was taken after investigating the incident we discussed, in-person, on Thursday, March 20, 2025 as well as due to the fact you were also placed on a Final Written Warning on January 23, 2025.

You are required to return all County property within seven days. This includes but is not limited to keys, access cards, uniforms, and any other supplied equipment. This property can be returned to the Court House Security located on the 1st Floor of One Montgomery Plaza.

Please be advised that your final paycheck, including any accrued but unused vacation time will be processed and provided to you as per County policy. Your health insurance benefits will continue through March 31, 2025. Your rights to continue coverage under COBRA will be provided to you by mail from our plan administrator.

You may contact the Retirement Office at 610-278-3082 regarding your retirement plan distribution options. If you have any questions regarding your benefits, please call 610-278-3052.

Sincerely,

*Francis Bartusis*

Francis Bartusis
Employee Relations Manager
Montgomery County Human Resources



**MONTGOMERY COUNTY
BOARD OF COMMISSIONERS**

NEIL K. MAKHIJA, CHAIR
JAMILA H. WINDER, VICE CHAIR
THOMAS DiBELLO, COMMISSIONER

**HUMAN RESOURCES**

ANTHONY D. BREW, III, CHRO
MONTGOMERY COUNTY OMP • PO BOX 311
NORRISTOWN, PA 19404-0311

610-278-3052
FAX: 610-292-2160
WWW.MONTGOMERYCOUNTYPA.GOV